IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.:

Stephanie Mares,

Plaintiff,

v.

The Western Sugar Cooperative,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

For her Complaint, Plaintiff Stephanie Mares (hereafter referred to as "Mares" or

"Plaintiff"), by and through counsel, states, alleges, and avers as follows:

### I.   INTRODUCTION

This is a suit due to employment discrimination on the basis of religion. Defendant, The

Western Sugar Cooperative (hereafter referred to as "WSC" or "Defendant"), unlawfully failed to

hire or unlawfully terminated Plaintiff's employment

### II.   PARTIES, JURISDICTION AND VENUE

1.   Plaintiff is and was at all times relevant to this proceeding a resident of Colorado.

2.   Defendant is a cooperative organized under the laws of Colorado with its principal

place of business at 7555 E. Hampden Ave., Suite 520, Denver, Colorado 80231.

3.   At all times material to this suit, Defendant employed more than twenty employees, and is an "employer" as defined in § 701(b) of Title VII, 42 U.S.C. § 2000e *et seq.*

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because a federal question is involved.   This Court has jurisdiction pursuant to 42 U.S.C. 2005e-5 over claims brought under Title VII of the Civil Rights Act of 1964.

5.   Venue is proper in this Court because all parties are residents of Colorado.

6.   Plaintiff timely filed a charge of religious discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued its Right to Sue letter to Plaintiff on September 5, 2019 which she received on September 7, 2019.   This action is being filed within 90 days of receiving the Notice of Right to Sue.   Pursuant to 29 U.S.C. § 626 (d)-(e), Plaintiff has fulfilled her obligation to exhaust administrative remedies prior to filing suit.

### III.   GENERAL ALLEGATIONS

7.   Mares is a female member of the Penecostal religion.   As such she is a member of a group protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2005e *et. seq*.

8.   WSC failed and refused to hire Mares or terminated her employment due to her sincerely held religious observance or practice of not wearing slacks.

9.   Although WSC has a written non-discrimination policy, it neither applied such policy in the workplace nor properly trained its employees regarding non-discrimination.

### IV.   CLAIM FOR RELIEF

10.   Mares was sent by a temporary staffing agency to WSC to interview for a position as a laboratory technician, work she had previously done and for which she was qualified.

11.   Mares' sincerely held religious practice prevents her from wearing slacks/pants as an outer garment.

12.   When she interviewed at WCS, Mares told the interviewer that due to her religion she would be unable to wear slacks/pants to work and was told that would be OK.

13.   Mares was told that she was hired and to appear for orientation at the plant on June 6, 2017, which she did.

14.   When the dress code requiring pants to be worn came up during the orientation, Mares informed the individual conducting the orientation of her religious objection to the wearing of slacks/pants.   Mares offered that she could wear tights or pants under a skirt.

15.   Mares was told that would not be satisfactory but that she would be paid for her time that day; and she was ushered off the premises.

16.   Mares had previously worked in lab environments where her wearing of skirts was allowed.   The accommodation she requested was reasonable.

17.   It was unreasonable of WSC to refuse entirely to accommodate Mares' sincerely held religious practice.

18.   WSC's actions constituted illegal discrimination against Mares because of her gender and religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

19.   WSC acted intentionally and with malice or reckless indifference toward Plaintiff.

22.   Because of WSC's actions/inactions Mares has and continues to suffer damages, including significant economic and non-economic losses.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Defendant appear in this action and that after trial by jury, judgment be entered granting Plaintiff the following relief:

1.   Defendant to take effective steps to protect employees from the religious discrimination in the future.

2.   Back pay and benefits, including overtime pay which would have accrued if Plaintiff's employment had not been denied or terminated, minus compensation she has earned from other employment.

3.   Front pay in lieu of reinstatement for all lost wages and benefits attributable to religious discrimination.

4.   Compensatory damages for emotional distress and other damages, both past and future, in an amount to be determined.

5.   Punitive damages as appropriate.

6.   Pre-judgment and post-judgment interest at the statutory rate.

7.   Attorneys' fees and costs, including expert witness fees, pursuant to 42 U.S.C. 2000e-5(k) and as otherwise allowed by law.

8.   Such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 3rd day of December, 2019.


S/Helena Schultz
Helena Schultz, Attorney at Law, LLC
316 Clayton St.
Brush, CO 80723
Phone:   970.842.2000

Fax:   970.842.5733
Email:   hschultzlaw@yahoo.com
Attorney for Plaintiff Stephanie Mares

Plaintiff:
Stephanie Mares
222 Grant Street
Fort Morgan, CO 80701